UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

TYRONE TAYLOR JR.,

                Plaintiff,                        Case No. 1:07-cv-588

v.                                                  Honorable Robert Holmes Bell

CHERI WELCH et al.,

                Defendants.

_____/

## <u>REPORT AND RECOMMENDATION</u>

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff has paid the initial partial filing fee. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, I recommend that Plaintiff's complaint be dismissed for failure to state a claim.

**Discussion**

I.    Factual allegations

Plaintiff is currently incarcerated at Oaks Correctional Facility (MSP).  In his *pro se* complaint, Plaintiff sues MSP Food Services Supervisors Cheri Welch and Everette Kirby, MSP Assistant Food Services Director Ric Ricciardi, Classification Director Amy Haske, and two corrections officers "Jon Doe #1" and "Jon Doe #2."

Plaintiff alleges that at 11:30 p.m. on June 27, 2006, Plaintiff and another prisoner, Hoover, had an argument in the presence of Defendant Welch.  (Compl. at 2, docket #1.)[1]  Plaintiff alleges that Hoover threatened him several times during the argument.  *Id.*  At approximately 4:00 a.m. on the morning of June 28, 2006, Plaintiff was given permission by Defendant Welch and Kirkby and Defendants (unknown) Corrections Officers to "go outside of food service to smoke." *Id.* at 2-3.  Plaintiff alleges that there were no corrections officers outside with Plaintiff and the other smoking prisoners and that he was punched in the eye by Hoover.  *Id.*  Plaintiff states that he entered back into food service to wash his eye.  Plaintiff states that on his return to food service, he met Defendant Welch, who asked him who had hit him.  Plaintiff refused to answer for fear of being labeled a "rat."  *Id.*  Approximately ten minutes later, he was called out of his cell to speak with Sergeant Bust and a nurse, who also asked Plaintiff who had punched him. Plaintiff refused to identify his assailant. *Id*.  Plaintiff was referred to the local hospital by Health Care and then to an eye specialist in Ludington, Michigan.  When Plaintiff returned to MSP, Inspector Brewer took pictures of Plaintiff's eye and again asked Plaintiff who had hit him.  Plaintiff refused to say.  *Id.*

_____

[1]The Court will use the page number assigned by CM/ECF for clarity because Plaintiff labels multiple pages with the same page number.

Brewer then "had [Plaintiff] placed in temporary segregation for [his] own protection," without giving Plaintiff a "Notice of Intent." *Id.*

On June 30, 2006, Plaintiff was sent from segregation to see the eye specialist and Plaintiff told the specialist that he was hit by another prisoner. *Id.* at 3-4. When Plaintiff returned to MSP, he wrote a kite to Brewer "explaining to him what happened to [Plaintiff]." *Id.* After Plaintiff filled out a statement and signed "a waiver form" on July 5, he was released from temporary segregation.

On July 8, 2006, Plaintiff was told that he needed medical clearance to resume working. On July 14, 2006, after receiving medical clearance, Plaintiff was informed by Defendant Kirby that he was fired for violating the tobacco-free policy. *Id.* at 4. On July 17, 2006, Plaintiff received a "kite" from Defendant Riccardi terminating Plaintiff for violating the tobacco-free policy. Plaintiff alleges that the next day Assistant Deputy Warden D. Pratt told him that he could not be fired for violating the tobacco-free policy.

Plaintiff alleges that Defendant Riccardi then requested that Plaintiff be removed from his job assignment because Plaintiff's presence on the midnight shift would "threaten their safety and security as well as that of the facility." *Id.* Plaintiff alleges that on July 26, 2006, Defendant Haske changed Plaintiff's job assignment, causing him to miss twelve days of work and causing a reduction in pay.

Although not clearly stated, Plaintiff appears to assert three claims against Defendants. First, Plaintiff appears to assert that Defendants failed to protect him from being punched in the face by prisoner Hoover. Second, Plaintiff appears to assert that his rights were

violated by being placed in temporary segregation.  Third, Plaintiff appears to assert that his rights were violated by the change in job assignment, loss of twelve days of work and reduction in pay.

Plaintiff seeks a trial by jury, appointment of counsel, and payment in the amount of $250,000.00 "for actual injury, deliberate indifferent [sic] to my safety and well being, punitive damages, monetary damages, attorney fees, and court cost[s]."  *Id.* at 5.

II.     Failure to state a claim

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint.  *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993).  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996).  Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed.  *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

A.     **Failure to Protect**

In its prohibition of "cruel and unusual punishments," the Eighth Amendment places restraints on prison officials, directing that they may not use excessive physical force against prisoners and must also "take reasonable measures to guarantee the safety of the inmates."  *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526-527 (1984)).  To establish liability under the Eighth Amendment for a claim based on a failure to prevent harm to a prisoner, a plaintiff must show that the prison officials acted with "deliberate indifference" to a

- 4 -

substantial risk of serious harm.  *Farmer,* 511 U.S. at 834; *Helling v. McKinney*, 509 U.S. 25, 32

(1993); *Woods v. Lecureux*, 110 F.3d 1215, 1222 (6th Cir. 1997); *Street v.*, 102 F.3d at 814; *Taylor*

*v. Mich. Dep't of Corr.* 69 F.3d 76, 79 (6th Cir.1995).  *See Curry v. Scott*, 249 F.3d 493, 506 (6th

Cir. 2001).  "To demonstrate deliberate indifference, an inmate must present evidence from which

a trier of fact could conclude 'that the official was subjectively aware of the risk' and 'disregard [ed]

that risk by failing to take reasonable measures to abate it.'"  *Greene v. Bowles,* 361 F.3d 290, 294

(6th Cir. 2004) (citing *Farmer*, 511 U.S. at 829, 847).

Plaintiff appears to allege that Defendants failed to protect him from being punched

in the eye by another inmate.  Plaintiff asserts that Defendant Welch witnessed an argument between

him and another prisoner, Hoover.  In his complaint Plaintiff states that later that night he requested

to be let outside to smoke and that request was granted.  Plaintiff asserts that while they were outside

smoking with no supervision, Hoover punched him in the eye.  (Compl. 2-3.)

Plaintiff does allege that Hoover "threaten[ed] [him] several times" in front of

Defendant Welch, but does not allege that Hoover threatened physical harm against Plaintiff.  Nor

does Plaintiff allege that he asked for protection from Hoover after the argument or after Hoover's

attack.  In fact, when Plaintiff returned inside, he was repeatedly questioned by the Defendants but

refused to identify his assailant.  (Compl. at 3-4.)  According to Plaintiff's complaint, Defendants

provided follow-up with a nurse and a specialist.  Defendants also placed Plaintiff in temporary

segregation to protect him until they knew the source of the threat Plaintiff faced.  Plaintiff's

allegations are insufficient to state that the Defendants had objective knowledge of a substantial risk

to Plaintiff and deliberately ignored the situation.  Therefore, Plaintiff fails to state a claim for failure

to protect.

## B.      Temporary Segregation

Plaintiff appears to allege that his constitutional rights were violated by placement in temporary administrative segregation without being given a "Notice of Intent."  (Compl. at 3.) The Supreme Court has held that a prisoner does not have a protected liberty interest in the procedures affecting his classification and security because the resulting restraint does not impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995).  In *Rimmer-Bey v. Brown*, 62 F.3d 789, 790-91(6th Cir. 1995), the Sixth Circuit applied the *Sandin* test to the claim of a Michigan inmate that the mandatory language of the MDOC's regulations created a liberty interest that he receive notice and hearing before being placed in administrative segregation.  The court held that regardless of the mandatory language of the prison regulations, the inmate did not have a liberty interest because his placement in administrative segregation did not constitute an atypical and significant hardship within the context of his prison life.  *Id; see also Mackey v. Dyke*, 111 F.3d 460, 463 (6th Cir. 1997). Without a protected liberty interest, plaintiff cannot successfully claim that his due process rights were violated because, "[p]rocess is not an end in itself."  *Olim v. Wakinekona*, 461 U.S. 238, 250 (1983).  Plaintiff was placed in administrative segregation for less than a month for his own protection.  Such placement is simply not an atypical or significant hardship within the context of prison life.  He had no protected liberty interest and was therefore not entitled, as a matter of constitutional law, to a "Notice of Intent" or any other process.  Therefore, Plaintiff fails to state a claim for a due-process violation.

C.        **Job Assignment**

Plaintiff claims that his detail (job) assignment was changed without an interview and, as a result, he lost twelve days of pay as well as received a reduction in pay.  (Compl. at 4.)  The Sixth Circuit has consistently found that prisoners have no constitutionally protected liberty interest in prison employment under the Fourteenth Amendment.  *See, e.g.*, *Dellis v. Corr, Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001) (district court properly dismissed as frivolous the plaintiff's claim that he was fired from his prison job); *Newsom v. Norris*, 888 F.2d 371, 374 (6th Cir. 1989) (no constitutional right to prison employment); *Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987) ("[N]o prisoner has a constitutional right to a particular job or to any job"); *Carter v. Tucker*, No. 03-5021, 2003 WL 21518730, at *2 (6th Cir. July 1, 2003) (same).  Morever, "as the Constitution and federal law do not create a property right for inmates in a job, they likewise do not create a property right to wages for work performed by inmates." *Carter*, 2003 WL 21518730 at *2 (citing *Williams v. Meese*, 926 F.2d 994, 997 (10th Cir. 1991) and *James v. Quinlan*, 866 F.2d 627, 629-30 (3d Cir. 1989)).  Under these authorities, Plaintiff fails to state a constitutional claim arising from the termination or change of his prison employment.

### <u>Recommended Disposition</u>

Having conducted the review now required by the Prison Litigation Reform Act, I recommend that Plaintiff's complaint be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).  Should this report and recommendation be adopted, the dismissal of this action will count as a strike for purposes of 28 U.S.C. § 1915(g).

I further recommend that the Court find no good-faith basis for appeal within the meaning of 28 U.S.C. § 1915(a)(3).  *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).

Dated:   August 27, 2007                         /s/  Joseph G. Scoville
                                                 United States Magistrate Judge

## <u>NOTICE TO PARTIES</u>

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).