UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TYRONE TAYLOR JR.,

      Plaintiff,

v.

      File No. 1:07-CV-588

      HON. ROBERT HOLMES BELL

CHERI WELCH, et al.,

      Defendants.
                                            /

**ORDER ADOPTING**
**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

On August 28, 2007, United States Magistrate Judge Joseph G. Scoville issued a Report and Recommendation recommending that Plaintiff Tyrone Taylor Jr.'s prisoner civil rights complaint be dismissed pursuant to 28 U.S.C. § 1915(e)(2), 28 U.S.C. § 1915A(b), and 42 U.S.C. § 1997e(c) for failure to state a claim on which relief can be granted.  Plaintiff filed objections to the report and recommendation on September 10, 2007.

Pursuant to Rule 72(b) of the Federal Rules of Civil Procedure this Court is required to make a *de novo* review upon the record of those portions of the magistrate's disposition to which specific written objection has been made.

Plaintiff objects to the Magistrate Judge's conclusion that Plaintiff failed to state an Eighth Amendment claim based upon Defendants' alleged failure to protect him from an inmate assault.  Plaintiff has alleged in his complaint that Defendant Welch witnessed an

argument between Plaintiff and prisoner Hoover, in which Hoover threatened Plaintiff several times, and that when he took a smoke break there were no correctional officers present with him and the other prisoners. (Dkt. No. 1, Compl. 2-3.) Plaintiff has expanded on these allegations in his objections. Plaintiff contends that after witnessing a verbal altercation between two prisoners, the normal food service procedure is to intervene, investigate, and send one or both prisoners back to their cell. Plaintiff also contends that it is the normal procedure for a food service supervisor or a correction officer to be present during smoke breaks. Plaintiff contends that Defendants' failure to follow procedures gave prisoner Hoover the opportunity to assault Plaintiff in violation of Plaintiff's right to be free from cruel and unusual punishment. (Dkt. No. 6, Obj. 2-3.)

In order to establish liability for a prison official's failure to protect him, Plaintiff must demonstrate that the prison official was deliberately indifferent to a substantial risk of serious harm to him. *Farmer v. Brennan*, 511 U.S. 825, 828 (1994); *Greene v. Bowles*, 361 F.3d 290, 294 (6th Cir. 2004). Deliberate indifference requires evidence that the official was subjectively aware of the risk and disregarded that risk by failing to take reasonable measures to abate it. *Farmer*, 511 U.S. at 829, 847; *Greene*, 361 F.3d at 294.

Plaintiff's allegations indicate that after his argument with Hoover, Plaintiff voluntarily took an unsupervised smoke break in an isolated area despite his knowledge that Hoover had not been sent back to his room. Where Plaintiff himself did not appreciate the risk of harm, Plaintiff cannot successfully make out a claim that Defendants were

subjectively aware of that risk. The Court agrees with the Magistrate Judge that even a liberal reading of the allegations in Plaintiff's complaint, augmented by the allegations in his objections, are insufficient to state an Eighth Amendment failure to protect claim. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's objections to the Report and Recommendation of the Magistrate Judge (Dkt. No. 6) are **DENIED**.

**IT IS FURTHER ORDERED** that the Report and Recommendation of the Magistrate Judge is **APPROVED** and **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Plaintiff's complaint is **DISMISSED** for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A(b) and 42 U.S.C. § 1997e(c).

**IT IS FURTHER ORDERED** that this dismissal shall count as a **STRIKE** for purposes of 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that the Court finds no good-faith basis for appeal within the meaning of 28 U.S.C. § 1915(a)(3).

Date:  November 6, 2007       /s/ Robert Holmes Bell
                              ROBERT HOLMES BELL
                              CHIEF UNITED STATES DISTRICT JUDGE